IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES HUGHES, CATHY A. HUGHES, )<br>MELISSA SUE HUGHES WALLACE, )<br>A&A NORTH AMERICAN FINANCIAL, LLC,)<br>and INGHAM TOWNSHIP TREASURER, )<br>)<br>Defendants. ) | Civil No. 1:12-cv-00466 |

## STIPULATION TO FINAL JUDGMENT AND JUDGMENT ENTRY

The plaintiff United States of America and defendants Charles Hughes and Cathy A. Hughes agree and stipulate that a judgment shall be entered as follows:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. Charles Hughes and Cathy A. Hughes own, as tenants by the entireties, real property located as 2312 Dexter Trail, Dansville, Michigan (the "Property") and more specifically described as:

   A parcel of land in the South ½ of Section 36, Town 2 North, Range 1 East, Ingham Township, the surveyed boundary of said parcel described as commencing at the South 1/4 corner of said Section 36, thence North 89 degrees 39 minutes 31 seconds East along the South line of the Southeast 1/4 of said Section 36, a distance of 255.05 feet to the centerline of Dexter Trail; thence North 18 degrees 04 minutes 24 seconds West along the centerline of said road 229.79 feet to the point of beginning of this description; thence West parallel with the South line of the Southwest 1/4 of said Section 36, a distance of 975.23 feet; thence North 00 degrees 55 minutes 00 seconds West 500.50 feet; thence North 88 degrees 40 minutes 30 seconds East 814.00 feet to the centerline of Dexter Trail; thence South 18 degrees 04 minutes 24 seconds East along said centerline 546.21 feet to the point of beginning.

9492475.1

2. The warranty deed was recorded on January 18, 2013 with the Ingham County Recorder, Document No. 2013003062. Within sixty days of entry of this Stipulation to Final Judgment and Judgment Entry, the United States shall withdraw the notice of lien filed against Cathy Hughes as Alter Ego, Nominee, or Transferee of Charles Evans Hughes, in Ingham County, Serial Number 271004858, recorded on June 16, 2010.

3. Charles Hughes and Cathy A. Hughes agree that the United States' has valid and subsisting tax liens that attach to Charles Hughes' interest in the Property.

4. Charles Hughes and Cathy A. Hughes agree to maintain property insurance for the Property and to pay all local real estate taxes assessed against the Property in a timely fashion until such time as this judgment is satisfied.

5. Defendant Melissa Sue Hughes Wallace has been adjudged to have no right, title, or interest to the Property. (Docket No. 15.)

6. Defendant A&A North American Financial, LLC, has been adjudged to have no right, title or interest to the Property. (Docket No. 13.)

7. Defendant Ingham Township Treasurer has been dismissed without prejudice from the above-captioned proceeding. (Docket No. 10.)

8. Charles Hughes is indebted to the United States of America, for unpaid federal income taxes (Form 1040) for the tax years 2000, 2001, 2002, 2004, 2005, 2006, 2007, and 2008.

9. Judgment is entered in favor of the United States and against Charles Hughes based upon the United States' claims and paragraph 8, above, in the amount of $66,738.00, plus interest at the rate of 4%, compounded monthly, accruing from February 1, 2013, until paid, in full

settlement of the unpaid federal income taxes (Form 1040) for the tax years 2000, 2001, 2002, 2004, 2005, 2006, 2007, and 2008

10. The parties acknowledge that Charles Hughes' federal tax liabilities for the years 2000, 2001, 2002, and 2004 are the subject of a restitution Judgment in criminal case number 1:07-cr-0085, W.D. Mich., which was entered on March 6, 2008, in the amount of $37,559.00 (the "Criminal Judgment"). Charles Hughes has been ordered to make payments towards the Criminal Judgment in the amount of $50.00 per month until such time as the judgment is satisfied. Nothing in this judgment shall affect the existing Court ordered payment of the Criminal Judgment. Payments made pursuant to this Civil Judgment shall be in addition to and not in place of the Court ordered payments on the Criminal Judgment. However, the parties acknowledge that payments made by Charles Hughes towards the Criminal Judgment are processed by the IRS and credited towards his federal tax liabilities, at the discretion of the IRS for tax years 2000, 2001, 2002, and/or 2004.

11. Upon completion of one of the following two payment methods payments described below, the United States shall mark this civil judgment as satisfied:

    a. Charles Hughes makes, through levy or other means, monthly payments to the United States in the amount of $353.65 per month for 240 months (or 20 years); or

    b. Charles Hughes pays the United States a sum totaling $58,360, plus 4% interest, compounded monthly from February 1, 2013.

12. Charles Hughes agrees and consents that the United States may obtain payment in the amount of $353.65 per month via a levy on Charles Hughes' social security benefit. Within thirty days of the date of entry of judgment, the United States shall seek Mr. Hughes's consent, if needed,

9492475.1

to levy on his social security benefit in the amount of $353.65 per month. The monthly payments described in paragraph 11, subsection a, above, shall commence when the levy is processed.

13. So long as Charles Hughes makes payments in the amounts and timeframe described in paragraph 11(a), above, the United States shall halt all other collection against Charles Hughes in regard to the tax liabilities at issue in the above-captioned proceeding.

14. The United States' tax liens shall remain on the Property and shall attach to Charles Hughes' interest in the Property until such time as Charles Hughes completes the payments described in paragraph 11, above.

15. In exchange for the United States agreeing not to enforce its lien against the Property, Cathy A. Hughes agrees that, should Charles Hughes die prior to the completion of the payments described in paragraph 11, above, the United States' tax liens against Charles Hughes's interest in the Property shall not be extinguished by his death and shall continue to attach to one-half of Cathy A. Hughes' 100% interest in the Property obtained by her by operation of law at the passing of Charles Hughes. Enforcement of the United States' lien interest in the Property will be limited to the amount remaining unpaid on the judgment amount as of the date of death of Charles E. Hughes.

16. In the event that the payments described in paragraph 11, subsection a, above, are made via a levy on Charles Hughes's social security benefit, three months prior to the completion of the required payments of $353.65 per month for 240 months, Charles Hughes shall notify the Department of Justice, Tax Division of the impending completion of the payments by providing the Tax Division with a copy of this Stipulation to Judgment and with a written

9492475.1

request that the Tax Division arrange for the levy to be released upon completion of the 240th payment.

17. Upon completion of payments as described in paragraph 11, above, within the timeframe required by paragraph 11, above, the United States shall file a Satisfaction of Judgment with the Court in the above-captioned proceeding and release all existing federal tax liens for the tax liabilities of Charles Hughes for the years at issue in this proceeding and any and all assessments remaining against Charles Hughes for federal income tax (Form 1040) for the tax years 2000, 2001, 2002, 2004, 2005, 2006, 2007, and 2008 shall be abated by the United States.

18. In the event that Charles Hughes fails to make payments as set forth in paragraph 11(a), above, unless he makes the payment set forth in paragraph 11(b), above, the United States may declare Charles Hughes in default of this agreement and the United States shall be free to collect the entire amount of the judgment set forth in paragraph 9, above, by any means at its disposal, including by foreclosing on is liens against Charles Hughes' interest in the Property. However, in the event Charles Hughes receives notification that the levy on his social security benefit described in paragraph 12, above, has been released prior to completion of the payments set forth in paragraph 11, above, Charles Hughes shall immediately notify the Department of Justice of the potential default, to allow both parties the opportunity to reinstate the levy. Should a default occur, Charles Hughes shall have the opportunity to cure the default by making all past-due payments to the United States within 30 days of the date that Charles Hughes notifies the Department of Justice of the release of the levy on his social security benefit.

9492475.1

19. Each party shall bear its own costs of this action.

20. The entry of this judgment resolves all matters pending in the above-captioned case.

Agreed:

For Plaintiff, United States of America:

_____
LAURA C. BECKERMAN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560
Fax: (202) 514-5238
Email: Laura.C.Beckerman@usdoj.gov

For Defendant, Charles Hughes:

*/s/ Charles Hughes*
CHARLES HUGHES

For Defendant, Cathy A. Hughes:

*/s/ Cathy A. Hughes*
CATHY A. HUGHES

**IT IS SO ORDERED, ADJUDGED AND DECREED**:

Entered:_____

_____
PAUL L. MALONEY
United States District Judge

6

9492475.1

19. Each party shall bear its own costs of this action.

20. The entry of this judgment resolves all matters pending in the above-captioned case.

Agreed:

For Plaintiff, United States of America:

*(signature)*
LAURA C. BECKERMAN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560
Fax: (202) 514-5238
Email: Laura.C.Beckerman@usdoj.gov

For Defendant, Charles Hughes:

*(signature)*
CHARLES HUGHES

For Defendant, Cathy A. Hughes:

*(signature)*
CATHY A. HUGHES

**IT IS SO ORDERED, ADJUDGED AND DECREED:**

Entered: February 4, 2013

/s/ Paul L. Maloney
PAUL L. MALONEY
United States District Judge

6

9492475.1